UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DANIEL PHILLIP MUELLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 13-3344-SEM-BGC |
| | ) |
| NEIL M. WILLIAMSON, TERRY A. DURR, BRENDA JAMES, and GREGORY CLEMONS, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Daniel Phillip Mueller's claims.

## I.
## MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a

1

defendant who is immune from such relief. *Id.* The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, ___ F.3d ___, 2013 WL 3336713, * 2 (7th Cir. July 3, 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United*

*States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Mueller has filed this case under 42 U.S.C. § 1983. "To prevail in this section 1983 action, [a plaintiff] must establish (1) that he had a constitutionally protected right, (2) that he was deprived of that right, (3) that [the defendant] intentionally deprived him of that right and (4) that [the defendant] acted under color of state law." *Forrest v. Prine*, 620 F.3d 739, 743 (7th Cir. 2010). Accordingly, the first inquiry in every § 1983 action is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

The Constitutional deprivation of which Mueller complains is a denial of his right of access to the courts. Specifically, Mueller claims that he is an inmate in the Sangamon County Illinois Detention Facility and that Defendants Neil Williamson, Terry Durr, Brenda James, and Gregory Clemons have either directly or indirectly denied his request for free postage and free stationary that he needs to petition the courts.

"The First Amendment right to petition the government for redress of grievances includes the right of access to the courts." *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009)(citing cases). "[P]ersons in prison, like other individuals, have the right to petition the Government for redress of grievances which, of course, includes 'access of prisoners to the courts for the purpose of presenting their complaints.'" *Cruz v. Beto*, 405 U.S. 319, 321 (1972)(quoting *Johnson v. Avery*, 393 U.S. 483, 485 (1969). While the right of access to the courts requires prison officials to provide prisoners with the necessary tools "to attack their sentences, directly or collaterally," and "to challenge the conditions of their confinement," *Lewis v. Casey*, 518 U.S. 343, 355 (1996), it is not an abstract, freestanding right to legal assistance. *Id.* at 351. A prisoner asserting a denial of access claim must show an "actual injury" in the form of interference with a "nonfrivolous legal claim." *Id.* at 353. "In other words, the right of access to the courts is tied to and limited by a prisoner's right to 'vindication for a separate and distinct right to seek judicial relief for some wrong.'" *Lehn v. Holmes*, 364 F.3d 862, 865 (7th Cir. 2004)(quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).

Mueller is correct in his averment that he is entitled to *some* tools necessary for access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824-25 (1977). But *Bounds* limits state-supported access to "direct appeals from the convictions for which [inmates] were incarcerated . .. or habeas petitions . . . [or] actions under 42 U.S.C. 1983 to vindicate 'basic constitutional rights.'" *Lewis*, 518 U.S. at 354. "The right of access to the courts does not insure free postage for correspondence addressed to individuals, offices, organizations, and agencies either involved in inmate litigation or offering advice and assistance to inmates in legal matters." *Kaufman v. Frank*, 203 WL 23277423, * 5 (W.D. Wis. Mar. 27, 2003). In addition, prisoners do not have a right to unlimited free postage. Instead, prison authorities are able to make 'a reasonable attempt to balance the right of prisoners to use the mails with prison budgetary considerations. *Gaines v. Lane*, 790 F.2d 1299, 1308 (7th Cir. 1985). Finally, prison officials do not need to provide a prisoner with access to legal materials in a case where he is represented by an attorney. *Martin v. Tyson*, 845 F.2d 1451, 1456 (7th Cir. 1988)(finding no constitutional violation where jail officials denied a prisoner access to legal materials in his criminal case

where he was represented by counsel on his criminal charges).

In the instant case, Mueller has failed to state a cause of action for denial of access to the courts because he has failed to allege an actual injury resulting from the alleged deprivation. Mueller has not alleged what non-frivolous legal claim he wants to pursue but cannot do based upon Defendants' interference. *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009)(holding that a plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions."). Mueller has not alleged a cognizable claim in this case until he reveals what non-frivolous legal claim he wants to assert but cannot based upon Defendants' refusal to provide him with some tools necessary for access to the courts. *Jones v. Farley*, 1997 WL 49036, * 1 (7th Cir. Jan. 31, 1997)("As for the contention that restricted access to writing materials deprived Jones of access to the courts: a prisoner must show actual injury, which means an adverse decision in, or inability to litigate, some concrete legal claim.").

Furthermore, the attachments to Mueller's Complaint make reference to his attorney. If he is represented, Mueller cannot

maintain a denial of access to the courts claim. *Martin*, 845 F.2d at 1456; *United States v. Sykes*, 614 F.3d 303, 311 (7th Cir. 2010) (holding that the Constitution does not require that a plaintiff be provided with legal resources in addition to a court appointed attorney).

Finally, Mueller seeks monetary damages as a result of Defendants' alleged denial of his right of access to the courts. However, the Seventh Circuit has recently explained the difficulty with an inmate obtaining damages for a denial of access to the courts claim unless and until that prisoner has obtained a reversal or a vacation of his conviction because such a claim would be barred by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 383 (1994). *Burd v. Sessler*, 702 F.3d 429,433-34 (7th Cir. 2012).

The Court cannot say at this point, however, that any amendment to Mueller's Complaint would be futile. Fed. R. Civ. Pro. 15. Accordingly, the Court will give Mueller 21 days within which to file an Amended Complaint. If he chooses to file an Amended Complaint, Mueller should state what non-frivolous legal claim he possesses or what right he seeks to vindicate. He should also

indicate whether that claim or right is for a direct appeal from the convictions for which he was incarcerated, whether he seeks to file a habeas petition, or whether he seeks to file an action under 42 U.S.C. § 1983 to vindicate a basic constitutional right. Finally, Mueller should make clear how Defendants' actions are preventing his access to the courts and what damages or remedies he would like as a result. Should Mueller fail to file an Amended Complaint within 21 days of the date of this Order, the Court will dismiss this case for failure to state a cause of action upon which relief can be granted. 28 U.S.C. § 1915(g).

**IT IS, THEREFORE, ORDERED that:**

**Plaintiff Daniel Phillip Mueller has 21 days from the date of this Order to file an Amended Complaint that complies with the dictates of this Order. If Plaintiff fails to file an Amended Complaint that complies with the dictates of this Order, the Court will dismiss this case for failure to state a cause of action upon which relief can be granted. 28 U.S.C. § 1915(g).**

ENTER: October 28, 2013

                                       s/ Sue E. Myerscough
                                       SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE