E-FILED
Tuesday, 31 December, 2013   07:51:22 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DANIEL PHILLIP MUELLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 13-3344-SEM-BGC |
| | ) |
| NEIL M. WILLIAMSON, TERRY A. DURR, BRENDA JAMES, and GREGORY CLEMONS, | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Daniel Phillip Mueller's Amended Complaint.

The Court previously conducted a merit review of Mueller's Complaint and determined that his Complaint failed to state a cause of action upon which relief could be granted. The Court could not, however, say that any amendment to Mueller's Complaint would be futile.

1

Accordingly, the Court gave Mueller 21 days to file an Amended Complaint. The Court indicated that Mueller should explain in his Amended Complaint what non-frivolous legal claim he possesses or what right he seeks to vindicate as part of his denial of access to the courts claim. The Court also advised Mueller to explain whether that claim or right is for a direct appeal from the convictions for which he was incarcerated, whether he seeks to file a habeas petition, or whether he seeks to file an action under 42 U.S.C. § 1983 to vindicate a basic constitutional right. Finally, the Court instructed Mueller to make clear how Defendants' actions are preventing his access to the courts and what damages or remedies he would like as a result.

Mueller's Amended Complaint fails to state a cause of action for denial of access to the courts. Mueller' Amended Complaint alleges a litany of wrongs taken against him by various individuals. These wrongs range from an alleged physical attack in 2010, to complaints regarding his pending state criminal charges, to jail overcrowding.

Like his Original Complaint, Mueller's Amended Complaint attempts to state a cause of action for denial of access to the courts.

However, Mueller's Amended Complaint fails to allege what actions the named Defendants in this case took to deny or prevent him from accessing the courts. As such, Mueller's Amended Complaint fails to state a cause of action upon which relief can be granted.

In other words, Mueller has failed to explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009). Mueller's Amended Complaint fails to show an actual injury, meaning an adverse decision in or an inability to litigate some concrete legal claim. *Jones v. Farley*, 1997 WL 49036, * 1 (7th Cir. Jan. 31, 1997). All that Mueller's Amended Complaint does is identify past and current alleged wrongs that he has suffered and is suffering, but he does not show how Defendants have deprived him of his ability to access the courts to remedy these alleged wrongs.

As an aside, Mueller's claims regarding his attack in 2010 are most likely barred by the applicable statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Mueller's claims regarding his pending state criminal charges are barred by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 393 (1994), and are barred

because he is represented by an attorney in those state charges. *United States v. Sykes*, 614 F.3d 303, 311 (7th Cir. 2010).

Mueller's claims (as currently alleged) regarding the conditions of his confinement are insufficient to state a claim under the Fourteenth and Eighth Amendments. "The Constitution does not require prison officials to provide the equivalent of hotel accommodations or even comfortable prisons." *Lunsford v. Bennett,* 17 F.3d 1574, 1581 (7th Cir. 1994); *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988)("Inmates cannot expect the amenities, conveniences and services of a good hotel.").

In sum, Mueller's Amended Complaint fails to state a claim because it fails to identify an actual injury that he has suffered as a result of his alleged denial of his right to access the courts. *Jones*, 1997 WL 49036, * 1. Mueller has not alleged how Defendants' actions make them personally liable to him for allegedly violating his First Amendment right. *Minix v. Canarecci,* 597 F.3d 824, 833 (7th Cir. 2010)("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation.")(internal quotation omitted).

**IT IS, THEREFORE, ORDERED that:**

1) Plaintiff Daniel Phillip Mueller's Amended Complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Any further amendment to the Complaint would be futile because Plaintiff's claim is not cognizable.

2) This dismissal shall count as one of Plaintiff's three allotted "strikes" pursuant to 28 U.S.C. § 1915(g).

3) Plaintiff must still pay the full docketing fee even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of the Court as directed in the Court's prior Order.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. Pro. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. Fed. R. App. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

5) **This case is, therefore, closed, and the clerk is directed to enter a judgment pursuant to Federal Rule of Civil Procedure 58. All pending motions are DENIED as moot. The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

ENTER: December 31, 2013

FOR THE COURT:

                                       s/ Sue E. Myerscough
                                       SUE E. MYERSCOUGH
                               UNITED STATES DISTRICT JUDGE